**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4953**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JAMES EDWARD BYRD, III,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (CR-01-178)

_____

Submitted:  July 29, 2005          Decided:  September 15, 2005

_____

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Edward Byrd, III, appeals his conviction and 360-month sentence imposed after the jury found him guilty of conspiracy to distribute and possess with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000).  He contends that the evidence was insufficient to convict him and, citing Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), asserts that his sentence is unconstitutional.  We affirm Byrd's conviction, vacate Byrd's sentence, and remand for resentencing.

Byrd contends that the evidence did not establish that he entered into an agreement to distribute crack cocaine with Terry Lamont Huntley, a charged co-conspirator.  We review de novo the district court's denial of a motion for judgment of acquittal filed pursuant to Fed. R. Crim. P. 29.  United States v. Lentz, 383 F.3d 191, 199 (4th Cir. 2004), cert. denied, 125 S. Ct. 1828 (2005).  Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).  We have reviewed the trial testimony in the joint appendix and are convinced that the evidence was sufficient to convict Byrd.  See United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001) (discussing elements of offense); United States v. Mills, 995 F.2d

- 2 -

480, 485 n.1 (4th Cir. 1993) ("[E]vidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators.").

Byrd also asserts that his sentence is unconstitutional in light of Blakely and Booker.  Because Byrd preserved this issue by objecting to the presentence report based upon Blakely, our review is de novo.  See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi[1] sentencing objection in the trial court, and so preserved his objection, we review de novo.").  When a defendant preserves a Sixth Amendment error, we "must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness."  Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.

---

[1]Apprendi v. New Jersey, 530 U.S. 466 (2000).

125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-67 (Breyer, J., opinion of the Court).

Here, the district court sentenced Byrd under the mandatory federal sentencing guidelines and enhanced his sentence based upon facts found by a preponderance of the evidence. Specifically, the court established a base offense level of thirty-six based on a finding that Byrd was responsible for 874 grams of crack cocaine. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(2) (2003). The court also increased the base offense level by two levels under USSG § 3A1.2(a). Under Booker, we find that the 360-month sentence Byrd received violates the Sixth Amendment. We also conclude that the error is not harmless in light of the alternate sentence announced by the district court before Booker was decided.[2]

Accordingly, we affirm Byrd's conviction, vacate Byrd's sentence, and remand for resentencing.[3] We dispense with oral

---

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Byrd's sentencing.

[3]Although the guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] [g]uidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.