Vacated by Supreme Court, Janaury 14, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5162

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES EDWARD BYRD, III,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:01-cr-00178-1)

Submitted: June 25, 2007          Decided: July 13, 2007

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Don Willey, Jefferson, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In a prior appeal, we affirmed James Edward Byrd, III's conviction for conspiracy to distribute and possess with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000), vacated his 360-month sentence in light of United States v. Booker, 543 U.S. 220 (2005), and remanded for resentencing. On remand, the district court concluded that our decision in United States v. Collins, 415 F.3d 304, 311-15 (4th Cir. 2005), dictated a statutory maximum sentence of 240 months of imprisonment. In accordance with Booker, the district court calculated an advisory sentencing guideline range that exceeded the statutory maximum. Thus, the statutory maximum became the advisory guideline range. See U.S. Sentencing Guidelines Manual § 5G1.1(a) (2005). The district court resentenced Byrd to a 240-month sentence. Byrd appeals, contending that the district court violated his Sixth Amendment rights at sentencing. Finding no reversible error, we affirm.

Byrd asserts on appeal that the presumption of reasonableness this court affords sentences within a properly calculated guideline range, see United States v. Green, 436 F.3d 449 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006), is unconstitutional and amounts to a de facto mandatory guidelines scheme. Byrd contends that the district court improperly relied on facts not found by a jury beyond a reasonable doubt or admitted by

him, in violation of his Sixth Amendment rights. Finally, Byrd asserts that his sentence is unreasonable because the district court placed undue weight on the advisory guideline range that was calculated based upon conduct not admitted by him and the court did not consider his post-conviction rehabilitative efforts.

After Booker, a district court is no longer bound by the range prescribed by the sentencing guidelines. Cunningham v. California, 127 S. Ct. 856, 875 (2007); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This Court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted).

Because Byrd was sentenced on remand under an advisory guideline scheme, the district court did not violate the Sixth Amendment by making factual findings as to drug quantity by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006). Moreover, although Byrd contends that the presumption of

reasonableness this court affords a post-<u>Booker</u> sentence imposed within a properly calculated guidelines range is unconstitutional, the Supreme Court has recently rejected such a claim. <u>Rita v. United States</u>, __ U.S. __, 2007 WL 1772146, at *6-*11 (U.S. June 21, 2007) (No. 06-5754) (upholding application of rebuttable presumption of reasonableness of within guidelines sentence). To the extent that Byrd alleges the district court failed to take into account all of the § 3553(a) factors before imposing sentence, the record belies his claim. Although the district court did not discuss explicitly every § 3553(a) factor on the record, it was not required to do so. <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006).

Our review of the record therefore leads us to conclude that the district court appropriately treated the guidelines as advisory. The court considered the advisory guideline range along with the factors in § 3553(a), taking into account the arguments from Byrd and his counsel about Byrd's employment history before his arrest and his successful completion of many programs during his incarceration. The court ultimately imposed the statutory maximum sentence. Nothing in the record demonstrates that Byrd has rebutted the presumption of reasonableness.

Accordingly, we affirm Byrd's sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED