**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5162**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES EDWARD BYRD, III,

                    Defendant - Appellant.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-7068)

---

Submitted: April 24, 2008               Decided:  May 13, 2008

---

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Don Willey, Jefferson, North Carolina, for Appellant.  Gretchen C.
F. Shappert, United States Attorney, Charlotte, North Carolina; Amy
E. Ray, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted James Edward Byrd, III, of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2000), and the district court sentenced him to 360 months of imprisonment. In a prior appeal, we affirmed Byrd's conviction, vacated his sentence, and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Byrd, 151 F. App'x 218 (4th Cir. 2005). On remand, the district court resentenced Byrd to a 240-month term of imprisonment, and we affirmed. See United States v. Byrd, 238 F. App'x 948 (4th Cir. 2007), vacated, 128 S. Ct. 1073 (2008). This case now is before us on remand from the United States Supreme Court for further consideration in light of Gall v. United States, 128 S. Ct. 586 (2007).

In sentencing a defendant after Booker, a district court must engage in a multi-step process. First, the court must correctly calculate the appropriate advisory guidelines range. Gall, 128 S. Ct. at 596 (citing Rita v. United States, 127 S. Ct. 2456, 2465 (2007)). The court then must consider that range in conjunction with the § 3553(a) factors. Id. The court "may not presume that the Guidelines range is reasonable" but, rather, "must make an individualized assessment based on the facts presented" in determining an appropriate sentence. Id. at 596-97. If the court

- 2 -

determines that a sentence outside of the guideline range is appropriate, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 597. The district court also must "adequately explain the chosen sentence to allow for meaningful appellate review." Id.

Appellate review of a district court's imposition of a sentence (whether inside or outside of the guideline range) is for abuse of discretion. Id.; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court:

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.

Gall, 128 S. Ct. at 597.

In light of Gall, we find that the district court committed a significant procedural error in sentencing Byrd. The court noted at the beginning of the sentencing hearing that the applicable guideline range was 360 months to life imprisonment but that the range would "be capped at 240 months" (JA-I at 398), the

statutory maximum established in accordance with <u>United States v. Collins</u>, 415 F.3d 304, 311-15 (4th Cir. 2005). However, in sentencing Byrd, the district court applied the guideline range of 360 months to life imprisonment as the starting point for determining whether a variance was warranted rather than starting with a guideline range of 240 months. The district court declined to go below the 240-month statutory maximum sentence, noting that the original guideline range was "considerably in excess of 240 months." (JA-I at 408). Because the district court did not consider the § 3553(a) factors in conjunction with the correct guideline range of 240 months, we conclude that the district court procedurally erred.

Accordingly, we vacate Byrd's sentence and remand for further proceedings consistent with <u>Gall</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>