**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7703**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JAMES EDWARD BYRD, III,

                Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Martin K. Reidinger,
District Judge.  (3:01-cr-00178-MR-1)

Submitted:  October 16, 2009        Decided:  January 15, 2010

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sandra J. Barrett, Asheville, North Carolina, for Appellant.
Edward R. Ryan, Acting United States Attorney, Charlotte, North
Carolina; Amy E. Ray, Assistant United States Attorney,
Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted James Edward Byrd, III of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2006), and the district court sentenced him to 240 months of imprisonment.[1] In a prior appeal, we vacated Byrd's sentence and remanded for resentencing consistent with Gall v. United States, 552 U.S. 38, 128 S. Ct. 586 (2007). See United States v. Byrd, 278 F. App'x 277 (4th Cir. 2008) (No. 06-5162). At the resentencing hearing, the district court imposed a 240-month sentence.[2] On appeal,[3] Byrd challenges the reasonableness of his sentence. We affirm.

This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall, 128 S. Ct. at 597. This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the

---

[1] The initial sentence imposed by the district court was 360 months. See United States v. Byrd, 151 F. App'x 218 (4th Cir. 2005) (No. 04-4953) (vacating 360-month sentence and remanding for resentencing).

[2] The guidelines ranges was 360 months to life imprisonment but became 240 months, the statutory maximum sentence. U.S. Sentencing Guidelines Manual § 5G1.1(a) (2007).

[3] Byrd also filed a pro se supplemental brief challenging his sentence. We have carefully reviewed the claims raised therein and find them to be without merit.

defendant's advisory guidelines range, we must then consider whether the district court considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 596-97; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Byrd's counsel first asserts that the district court procedurally erred in sentencing Byrd to 240 months because the court viewed the guidelines range of 240 months as mandatory and therefore sentenced Byrd under de facto mandatory guidelines. Our review of the record convinces us that the district court understood the advisory nature of the sentencing guidelines.

Next, counsel asserts that the district court failed to address adequately the § 3553(a) factors, particularly § 3553(a)(6), by failing to take into account the need to prevent unwarranted sentence disparities among co-defendants. However, at the August 2008 sentencing hearing, the court engaged in a colloquy with defense counsel about this very factor. The court correctly found that Byrd and his co-defendants were not similarly situated.

Finally, Byrd argues that his sentence is procedurally unreasonable because the district court failed to explain

3

adequately why it sentenced Byrd to double the sentences received by his co-defendants. We review this claim for plain error because, after being given an opportunity to object to the sentence imposed by the district court, Byrd failed to challenge the adequacy of the court's explanation. To establish plain error, Byrd "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks and citations omitted).

We have carefully reviewed the sentencing transcript and find that the district court did not err--plainly or otherwise--in explaining its chosen sentence. "When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" Carter, 564 F.3d at 328 (quoting Gall, 128 S. Ct. at 597). Thus, "'[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)); see United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

The district court did in fact discuss the relevant § 3553(a) factors, rejecting Byrd's assertion that he should receive a sentence similar to those of his co-defendants. In addition, the court noted that Byrd was well spoken and had the family support to be successful once released from prison. The court also acknowledged Byrd's post-sentencing rehabilitative efforts but found that those efforts were not relevant to its sentencing decision but, instead, would be taken into account by the Bureau of Prisons in calculating Byrd's good-time credits. Although the district court did not mention specifically all of the § 3553(a) factors, the court addressed the parties' arguments and provided the individualized assessment required by Carter.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED