**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5156**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH CHARLES FALCO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:08-cr-00042-F-1)

Submitted: February 24, 2010          Decided: March 9, 2010

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen J. Britt, Blue Bell, Pennsylvania, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Joseph Charles Falco of conspiring to transport in interstate commerce stolen goods valued in excess of $5000, in violation of 18 U.S.C. § 371 (2006). Falco appeals his conviction, contending that federal agents violated his Fifth Amendment rights and that the district court erred by admitting certain testimony. Finding no reversible error, we affirm.

Falco first argues that officers violated his Fifth Amendment rights by questioning him after his arrest without giving him <u>Miranda</u>[1] warnings and by continuing to question him after he invoked his right to counsel. The Government asserts, however, that Falco waived the right to raise his claims on appeal by failing to assert them in a pretrial motion to suppress. We agree with the Government. <u>See</u> Fed. R. Crim. P. 12(b)(3)(C), (e); <u>United States v. Whorley</u>, 550 F.3d 326, 337 (4th Cir. 2008) (collecting cases enforcing waiver), <u>cert. denied</u>, __ U.S. __, <u>available at</u> 2010 WL 58479 (Jan. 11, 2010).

Falco also contends that the district court violated Rules 403 and 404(b) of the Federal Rules of Evidence by admitting testimony that characterized items federal agents saw in his new home as evidence of mail fraud where he did not

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

2

operate out of that home during the course of the conspiracy alleged in the indictment. Because defense counsel lodged no objection to the witness's reference to mail fraud, we review the district court's admission of the testimony for plain error. See United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (establishing that plain-error review requires defendant to "show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights"). The Government concedes on appeal that the witness's reference to mail fraud was not relevant to the issues before the district court. See United States v. Siegel, 536 F.3d 306, 317, 319 (4th Cir.) (providing standard for admission of evidence under Rule 404(b)), cert. denied, 129 S. Ct. 770 (2008). In light of that concession, we assume, without deciding, that the district court's admission of that testimony was plain error. See Massenburg, 564 F.3d at 342-43.

Turning to whether the district court's admission of the testimony affected Falco's substantial rights, see Puckett v. United States, 129 S. Ct. 1423, 1429 (2009), our review of the record discloses that the witness's reference to mail fraud was an isolated comment, that defense counsel elicited on cross-examination that Falco had not been charged with mail fraud, that testimony established Falco used items similar to those agents saw in his new home when he operated in

3

his prior residence during the course of the conspiracy, and that the evidence overwhelmingly demonstrated Falco agreed to transport stolen goods across state lines. Moreover, the district court reduced the risk of unfair prejudice by instructing the jury that Falco was on trial only for the offense charged in the indictment, see Whorley, 550 F.3d at 338, and we presume the jury followed the court's limiting instructions. United States v. Johnson, 587 F.3d 625, 631 (4th Cir. 2009). We therefore conclude that the district court's admission of the testimony did not affect Falco's substantial rights.[2]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] Even if we were to conclude, as Falco argues, that he preserved his objection in the district court to the witness's reference to mail fraud, we would have to conclude that any error in admitting such testimony was harmless. For the same reasons that we find Falco's substantial rights unaffected by the testimony's admission, we find that "the judgment was not substantially swayed" by this alleged error. Johnson, 587 F.3d at 637.

4