**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4876**
_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CHERYL L. GOFF,

        Defendant – Appellant.

_____

**No. 09-4883**
_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

STEVEN C. GREEN,

        Defendant – Appellant.

_____

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:09-cr-00021-IMK-2; 1:09-cr-00021-IMK-1)

_____

Submitted:  November 3, 2010    Decided:  December 10, 2010

_____

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

―――――――――

William L. Pennington, Morgantown, West Virginia; Jacob A. Manning, DINSMORE & SHOHL, LLP, Wheeling, West Virginia, for Appellants. Betsy C. Jividen, Acting United States Attorney, Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Cheryl L. Goff and Steven C. Green of one count each of conspiracy to possess with the intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 846 (2006), and Goff of one count of maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) (2006).  The district court sentenced Green to 97 months' imprisonment and Goff to 262 months' imprisonment on the conspiracy count and a concurrent term of 240 months' imprisonment on the maintaining count.  On appeal, Goff maintains that the evidence is insufficient to support her convictions and that the district court abused its discretion in imposing sentence.  Green maintains that the district court abused its discretion in denying his motions for a mistrial and for a new trial and in admitting Goff's statements against him. We affirm.

"A defendant challenging the sufficiency of the evidence to support [her] conviction[s] bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted).  We will uphold the jury's verdict "if, viewing the evidence in the light most favorable to the [G]overnment, it is supported by substantial evidence." United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). "Substantial evidence is evidence that a reasonable finder of

3

fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing for substantial evidence, we consider both circumstantial and direct evidence and allow the Government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). We do not weigh evidence or review witness credibility. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Rather, it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984).

The offense of maintaining a drug-involved premises under 21 U.S.C. § 856(a) requires proof that the defendant (1) knowingly (2) opened, leased, rented, or maintained any place (3) for the purpose of manufacturing, distributing, or using any controlled substance. See 21 U.S.C. § 856(a)(1); United States v. Russell, 595 F.3d 633, 642 (6th Cir.), cert. denied, ___ S. Ct. ___, No. 09-11002, 2010 WL 2102243 (Oct. 4, 2010); United States v. Verners, 53 F.3d 291, 295 (10th Cir. 1995); United States v. Onick, 889 F.2d 1425, 1431 (5th Cir. 1989). Goff contends that the evidence is insufficient to support her conviction for the maintaining count because the Government's key witness was unbelievable. We

4

reject this challenge because witness credibility is not subject to appellate review, Wilson, 118 F.3d at 234, and, as evidenced by its finding of guilt, the jury resolved any conflicts in testimony in favor of the Government and determined the Government's witnesses to be sufficiently credible, see Manbeck, 744 F.2d at 392. Additionally, after review of the record, we conclude there was sufficient evidence from which a jury could find beyond a reasonable doubt that Goff maintained a residence for the purpose of distributing cocaine base. Further, because the evidence is sufficient to support Goff's conviction on the maintaining count, we reject her challenge to the sufficiency of the evidence supporting the conspiracy count, a challenge premised on the argument that the evidence is insufficient to support her conviction on the maintaining count.

Goff also challenges her sentence, asserting three grounds for vacatur: first, that the district court treated the Sentencing Guidelines as presumptively reasonable; second, that the court failed to adequately explain its rationale for imposing sentence; and third, that the sentence is substantively unreasonable. We review the district court's sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51.

5

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's Guidelines range. Id. at 49, 51. We must then consider whether the district court treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to explain sufficiently the selected sentence. Id. at 50-51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We also review whether the district court made "an individualized assessment based on the facts presented." Gall, 552 U.S. at 50; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review" (internal quotation marks omitted)).

When reviewing for substantive reasonableness, we take into account the "totality of the circumstances." Gall, 552 U.S. at 51. We accord a sentence within a properly-calculated Guidelines range an appellate presumption of reasonableness. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the

6

[18 U.S.C.] § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court properly calculated Goff's sentencing ranges under the <u>U.S. Sentencing Guidelines Manual</u> (2008), and no record evidence supports Goff's assertion that the court treated those ranges as mandatory. In explaining its decision to impose the concurrent, within-Guidelines sentences of 262 and 240 months' imprisonment, the court stated that it had considered the 18 U.S.C. § 3553(a) sentencing factors and the arguments of Goff's counsel concerning Goff's resolve to spend time with her family and whether the imposition of a within-Guidelines sentence would be greater than necessary to achieve the purposes of sentencing. The court also addressed Goff's history and characteristics, the nature and circumstances of her offense, and the need for the sentence to provide just punishment for Goff, afford adequate deterrence, and protect the public. The respective sentences fall within the properly-calculated Guidelines ranges, and Goff fails to overcome the appellate presumption of reasonableness this court affords to these sentences. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Goff.

Turning to Green's challenges, he maintains that the district court erred by denying his motion for a mistrial based

on the untimely disclosure of the Government's fingerprint analysis of a package of cocaine base. According to Green, his theory of the defense was that the Government was not thorough in its investigation, and trial counsel highlighted this fact by eliciting from the Government's case agent that investigators had the ability to perform a fingerprint analysis and that, if such an analysis had showed that the fingerprints of a co-conspirator were present on the package, such analysis would negate the co-conspirator's testimony that Green was always in possession of the conspiracy's supply of cocaine base. Thus, Green asserts that counsel's credibility was damaged when the Government elicited from the case agent that a fingerprint analysis of the package had been performed.

We review the denial of a motion for a mistrial for abuse of discretion. United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997) (stating that "denial of a defendant's motion for a mistrial is within the sound discretion of the district court and will be disturbed only under the most extraordinary of circumstances"). "In order for the trial court's ruling to constitute such an abuse of discretion, the defendant must show prejudice." United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995). Reversal is required only if there is a clear abuse of discretion and a "reasonable possibility that the jury's verdict was influenced" by the

8

error.  United States v. Seeright, 978 F.2d 842, 849 (4th Cir. 1992) (internal quotation marks omitted).  Because our review of the record reveals that Green cannot show any prejudice from the untimely production of the fingerprint analysis, this claim fails.

Next, Green challenges under Bruton v. United States, 391 U.S. 123 (1968), the admission of the statements of Goff — who did not testify at their joint trial — that she knew Green and other co-conspirators and smoked cocaine base the night before they were arrested.  Green contends that, although the statements, standing alone, were not incriminating, they implicated him in the conspiracy when viewed in light of other evidence presented at trial.  Because Green did not object in the district court to the admission of these statements, our review is for plain error, which exists when clear or obvious error affects the defendant's substantial rights.  See United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).

In Bruton, the Supreme Court held that a criminal defendant's Sixth Amendment right to cross-examine witnesses against him is violated when a non-testifying co-defendant's out-of-court statement is admitted at their joint trial to inculpate the defendant.  See Bruton, 391 U.S. at 126.  However, a "Bruton problem exists only to the extent that the codefendant's statement in question, on its face, implicates the

9

defendant." United States v. Locklear, 24 F.3d 641, 646 (4th Cir. 1994). Additionally, a statement that is not facially incriminating is admissible, even if it is incriminating when linked with other evidence introduced. See Richardson v. Marsh, 481 U.S. 200, 208-11 (1987). Because the challenged statements were not facially incriminating to Green, their admission did not violate Bruton. Green therefore fails to show plain error.

Finally, Green contends that the district court erred in denying his Fed. R. Crim. P. 33 motion for a new trial. We review a district court's denial of a motion for a new trial under Rule 33 for abuse of discretion. United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001). To warrant a new trial based on newly-discovered evidence, a defendant must demonstrate that: (1) the evidence is newly-discovered; (2) he has been diligent in uncovering it; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence would probably produce an acquittal. See id. Unless the defendant demonstrates all five of these factors, the motion should be denied. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989).

Here, the evidence that formed the basis of Green's motion for a new trial — the cellular telephone records of one of Green's co-conspirators — was not newly-discovered, as it was available to Green prior to and during trial. Moreover, because

10

Green's conviction was supported by evidence other than the testimony of this co-conspirator, we conclude that this is not one of the "exceptional rare case[s]" where a new trial is warranted on the basis of impeachment evidence.  See United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993) (internal quotation marks omitted).

We therefore affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED