**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4652**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE WINFRED HINES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Mark S. Davis, District Judge.  (2:09-cr-00150-MSD-FBS-1)

Submitted:  December 10, 2010        Decided:  January 7, 2011

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James O. Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Elizabeth Bartlett Fitzwater, Special Assistant United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Hines appeals his conviction and thirty-five month sentence for one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006). Hines argues that the district court erred in failing to require the police to disclose the identity of a confidential informant, erred in allowing certain testimony to be elicited from police, and finally, erred in allowing testimony from police regarding the confidential informant's out of court statements. We affirm.

## I.   Disclosure of Confidential Informant's Identity

Police apprehended Hines and discovered heroin in his vehicle after a confidential informant arranged a drug purchase from Hines and gave police a description of Hines and his vehicle. Hines sought in the district court to compel the Government to disclose the informant's identity. The district court denied the motion, but limited the admissibility of the informant's statements to police.

Hines first argues that the court erred in denying his motion to compel disclosure of the confidential informant. A decision not to require disclosure of a confidential informant is within the discretion of the district court. United States v. Gray, 47 F.3d 1359, 1363-64 (4th Cir. 1995) (internal

2

citations omitted). "Under the abuse of discretion standard, this court may not substitute its judgment for that of the district court; rather, [it] must determine whether the [district] court's exercise of discretion, considering the law and facts, was arbitrary or capricious." United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995).

The government is not required to disclose the identity of tipsters. McLawhorn v. North Carolina, 484 F.2d 1, 6 (4th Cir. 1973). If the informant was a participant in criminal activity, however, the government may be compelled to disclose his identity. Roviaro v. United States, 353 U.S. 53, 64-65 (1957). "What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro, 353 U.S. at 59 (internal citations omitted). The Supreme Court further noted in Roviaro that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61.

The Government argues that Hines has made no showing that he has any need for the identity of the informant. The Government notes that during the hearing on Hines's motion to

3

compel, when asked by the court whether permitting the Government to "ask that more limited question" about how the police came to be at Hines's location, would be appropriate, Hines responded that "[a]bsent the court's determining that the informant is a participant and therefore relieving me of [the burden to prove prejudice], I don't know if I could make that showing if the court limited the government to that evidence."

We have reviewed the record, and conclude that the informant in this case was more than a "tipster" but something less than a participant. See United States v. Brinkman, 739 F.2d 977 (4th Cir. 1984). Furthermore, the district court appropriately balanced the public's interest in confidentiality against Hines's interest in disclosure and determined that Hines had not made the requisite showing. Accordingly, disclosure of the informant's identity was not required.

## II. Improper Expert Testimony

Hines next argues that the district court erred in denying his motion for a mistrial when police witnesses gave allegedly improper expert testimony regarding forensic testing. The Government argues that this issue is not preserved for appellate review because Hines did not object until well after the witnesses offered the allegedly improper testimony.

4

Hines broached the subject of forensic testing during opening statements, when counsel questioned why police did not submit the drugs found in Hines's vehicle for DNA or fingerprint analysis. During the Government's examination of two police witnesses, the Government adduced testimony about why no forensic testing was done. Hines's attorney cross-examined the witnesses on these points. It was not until significantly later in the proceedings that Hines lodged an objection to the testimony, and accordingly, Hines has failed to preserve this issue for review. See United States v. Parodi, 703 F.2d 768, 783 (4th Cir. 1983) ("[Fed. R. Evid.] 103 requires that, to preserve for appellate review an objection to evidence, the objection must be (1) specific, (2) timely, and (3) of record.") (internal citations omitted). Because the objection was not preserved for appeal, plain error review applies. To establish plain error, a defendant must show that an error occurred, the error was plain, and the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (stating that the defendant bears burden of establishing each of the plain error requirements).

Pursuant to Fed. R. Evid. 701, a lay witness may provide opinions that are rationally based on the witness's perceptions. Here, the testimony in question was based on each

witness's observations regarding Hines's arrest and their experience with forensic testing. The witnesses testified that, in their experience, they had ample evidence because they found narcotics in a car that they had seen Hines running from. One witness also testified that he had never seen fingerprints taken from a plastic bag, and it simply was not police procedure to submit that type of drug evidence for fingerprint or DNA testing. Because this testimony was rationally based on the witnesses' perceptions, we conclude that the district court did not plainly err in allowing the testimony.

III. Testimony Regarding Informant's Statements

Hines finally argues that the district court erred by allowing Portsmouth Police Detective Johnkin to testify as to the confidential informant's statements in explaining why the police were in the apartment complex parking lot where Hines was apprehended and the heroin discovered. While the Government claims that any error was invited, we have reviewed the record and conclude that the claim was adequately preserved for appellate review.

"Rulings related to admission and exclusion of evidence are addressed to the sound discretion of the [district court] and will not be reversed absent an abuse of that discretion." United States v. Stitt, 250 F.3d 878, 896

6

(4th Cir. 2001).  Hearsay is generally not admissible in evidence.  Fed. R. Evid. 802.  A statement is not hearsay, however, if it is offered for the limited purpose of explaining why a government investigation was undertaken.  United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985) (citing cases).

Here, the statements were introduced to show why the officers investigated Hines.  The district court gave the jury three instructions to that effect to obviate any possible prejudice coming from the testimony.  We decline to hold that the court abused its discretion.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7