**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4805**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

DOMIKO DERRILL DAVIS,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:09-cr-00299-F-1)

Submitted:  March 29, 2011         Decided:  April 8, 2011

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Domiko Derrill Davis appeals his fifty-seven-month sentence imposed after he pleaded guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006).  We affirm.

Davis argues that the district court committed procedural sentencing error by failing to consider an amendment to the Guidelines, pending at the time of Davis's sentencing, that would eliminate the recency enhancement of U.S. Sentencing Guidelines Manual ("USSG") § 4A1.1(e) (2009).  Davis contends that despite the absence of an objection below, "proper consideration of the [G]uidelines by the district court would have given deference to the [Sentencing] Commission's considered view that recency points did not serve the purpose of sentencing under [18] U.S.C. § 3553(a) (2006)."  The Government asserts that Davis's explicit waiver of this argument at the sentencing hearing waived his right to appeal this issue.  We agree.

"Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'"  United States v. Olano, 507 U.S. 725, 733 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).  When a defendant fails to raise an argument before the district court, it is forfeited and we review the issue for plain error.  United States v. Massenburg, 564 F.3d

2

337, 342 (4th Cir. 2009).  In contrast, waiver extinguishes potential error under Fed. R. Crim. P. 52(b).  Olano, 507 U.S. at 733.  When a claim of error has been waived, "it is not reviewable on appeal."  United States v. Claridy, 601 F.3d 276, 284 n.2 (4th Cir. 2010) (quoting Olano, 507 U.S. at 732-33).

We conclude that Davis did not merely fail to raise before the district court the argument he now advances; Davis raised the argument and waived it.  Counsel indicated that Davis had asked him to waive two objections to the Presentence Report, including application of USSG § 4A1.1(e).  Davis confirmed his intention to waive these arguments.  Moreover, he maintained this position throughout the hearing.  Therefore, the issue is not reviewable by this court.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED