**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4017**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CLAYTON T. BROWN, JR.,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:10-cr-00164-WO-1)

_____

Submitted: October 19, 2011        Decided: November 3, 2011

_____

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clayton T. Brown, Jr., was convicted following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). At sentencing, Brown argued that his prior North Carolina breaking and entering conviction did not qualify as a felony crime of violence for the purposes of applying U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(4)(A) (2010), because he received a sentence that did not exceed twelve months' imprisonment. The district court overruled the objection, relying on United States v. Harp, 406 F.3d 242 (4th Cir. 2005), and sentenced Brown to forty-four months' imprisonment. Brown timely appealed.

In his opening brief, Brown reasserts his argument that his North Carolina breaking and entering conviction was not punishable by imprisonment for a term exceeding one year and, thus, that the conviction could not serve as the necessary predicate for the § 2K2.1(a)(4)(A) enhancement. During the pendency of the appeal, this court overruled Harp in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In response to the Simmons decision, and prior to the completion of briefing, the parties jointly moved this court to remand Brown's case "to the District Court for resentencing or other disposition under . . . Simmons." For the following reasons, we broadly construe the language of the parties' joint motion to

2

reach the Simmons error underlying Brown's conviction, reverse the district court's judgment, remand this case to the district court, and deny the parties' joint motion for resentencing as moot.

Because Brown did not challenge the validity of his guilty plea in the district court, our review is for plain error. See United States v. Massenberg, 564 F.3d 337, 342 (4th Cir. 2009) (issue not raised below is reviewed for plain error). In order to satisfy the plain error standard, Brown must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993).

In view of our holding in Simmons, we conclude that Brown could not have been imprisoned for a term exceeding one year for his prior breaking and entering conviction. See N.C. Gen. Stat. §§ 15A-1340.16 to 15A-1340.17(c)-(d) (2009). Brown's prior North Carolina conviction for breaking and entering was a Class H felony, and Brown was sentenced in the mitigated range to a minimum of four-to-five months. An offender sentenced to a minimum sentence of five months can serve a maximum of only six months in custody. N.C. Gen. Stat. § 15A-1340.17(d).

Because his prior conviction was not a felony, Brown can meet his burden to establish each of the plain error requirements. At the time of Brown's guilty plea, a Simmons

3

challenge to Brown's predicate felony for the purposes of his § 922(g)(1) conviction would have been foreclosed by Harp. However, this court has now overruled Harp. Because plain error exists "'where the law at the time of trial was settled and clearly contrary to the law at the time of appeal,'" Brown can establish the error is plain. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (quoting Johnson v. United States, 520 U.S. 461, 468 (1997)). Moreover, because the error goes to the validity of his conviction, Brown can establish the error affects his substantial rights, and we exercise our discretion to notice the error. See Olano, 507 U.S. at 732.

Accordingly, we reverse the district court's judgment, remand this case to the district court for further proceedings, and deny the parties' joint motion as moot. The clerk shall issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED