**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4646**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANUEL L. PAGE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  Irene C. Berger,
District Judge. (5:04-cr-00155-1)

_____

Submitted: December 8, 2011          Decided:  January 5, 2012

_____

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Christian M. Capece, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  R. Booth
Goodwin II, United States Attorney, John L. File, Assistant
United States Attorney, Beckley, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel L. Page was found guilty of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The court sentenced Page to eighty-four months' imprisonment and three years' supervised release. This Court affirmed the conviction and sentence. United States v. Page, 169 F. App'x 782 (4th Cir. 2006) (No. 05-4451). Page served his imprisonment sentence and was released to supervision on August 20, 2010. Shortly thereafter, Page violated several conditions of his supervised release and the court revoked Page's supervised release. He was sentenced to sixty days' imprisonment, sixty days' community confinement, and twenty-four months' supervised release. This Court affirmed. United States v. Page, No. 11-4013 (4th Cir. Oct. 27, 2011).

Page subsequently committed additional misconduct and the court again revoked Page's supervised release. Originally, the court sentenced Page to the statutory maximum sentence of twelve months imprisonment, followed by twenty-two months' supervised release. 18 U.S.C. § 3583(e)(3), (h) (2006). However, upon defense counsel's request, the district court added one day to Page's term of imprisonment in order to permit him to earn good time credits while incarcerated. The court, however, failed to decrease Page's term of supervised release by one day. Page timely appealed, arguing that his sentence is

2

plainly unreasonable because, among other reasons, it exceeds the maximum possible sentence by one day. The Government concedes that the district court committed plain error by imposing a supervised release sentence one day in excess of the statutory maximum. We agree.

Because Page did not raise this argument below, we review for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Page "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." Id., at 342-43.

Because the district court originally imposed a sentence at the statutory maximum, once it increased Page's imprisonment sentence by one day, it was required to decrease Page's term of supervised release by one day. 18 U.S.C. § 3583(e)(3) and (h). The district court's failure to do so is plain error. Massenburg, 564 F.3d at 342.

Accordingly, we vacate the district court's amended revocation of supervised release and judgment order, and remand this case for resentencing in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3