**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4449**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

TORREY DEVON WILLIAMS,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:10-cr-00178-BR-1)

Submitted:  January 20, 2012          Decided:  January 27, 2012

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James C. White, Michelle M. Walker, LAW OFFICES OF JAMES C. WHITE, P.C., Chapel Hill, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Torrey Devon Williams appeals from his conviction for possession of a firearm by a convicted felon, which was entered pursuant to his guilty plea.[1] On appeal, he asserts that the district court erred in finding at his Fed. R. Crim. P. 11 hearing that a sufficient factual basis supported his plea. Specifically, Williams contends that there was an insufficient factual basis to support the element of the offense requiring that the possession of the firearm was "in or affecting commerce." 18 U.S.C. § 922(g) (2006). We affirm.

Because Williams did not move in the district court to withdraw his guilty plea, our review is for plain error.[2] United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Williams "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). "The decision to correct the error lies

---

[1] In his initial brief on appeal, Williams challenged the sentence imposed on this firearm conviction and a conviction for possession with intent to distribute marijuana. His sentencing claims were dismissed based upon the waiver of his right to appeal in his plea agreement.

[2] The parties dispute the standard of review. However, we made clear in United States v. Bradley, 455 F.3d 453, 461 (4th Cir. 2006) that "all forfeited Rule 11 errors [are] subject to plain error review."

within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

Assuming without deciding that the district court committed a clear or obvious error in finding that a sufficient factual basis supported Williams' guilty plea, see United States v. Olano, 507 U.S. 725, 734 (1993) (explaining that "plain" error is "synonymous with clear or . . . obvious" error (internal quotation marks omitted)), Williams still fails to establish plain error because he fails to show that the error affected his substantial rights. In the guilty plea context, a defendant meets this burden by showing that, but for the error, he would not have entered his guilty plea. Massenburg, 564 F.3d at 343. Williams, however, does not suggest that he would not have pled guilty but for the district court's error, and the record does not independently support such a conclusion.

Because Williams cannot show that his substantial rights were affected, he cannot show plain error. Accordingly, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3