**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4732**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

ISAAC SPENCER,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Fox, Senior District Judge.  (2:11-cr-00046-F-1)

———————

Submitted:  April 22, 2013            Decided:  April 24, 2013

———————

Before KING, DIAZ, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Terry F. Rose, Smithfield, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaac Spencer appeals from his conviction for distribution of cocaine within one thousand feet of a school or playground. On appeal, he asserts that the district court erred in finding that a sufficient factual basis supported his plea. Specifically, he asserts that the Fed. R. Crim. P. 11 hearing failed to establish a factual basis that the drug transaction occurred within one thousand feet of a school or playground. We affirm.

Because Spencer did not move in the district court to withdraw his guilty plea, our review is for plain error.[*] United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Spencer "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). "The decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

---

[*] The parties dispute the standard of review. However, we made clear in United States v. Bradley, 455 F.3d 453, 461 (4th Cir. 2006) that "all forfeited Rule 11 errors [are] subject to plain error review."

2

Even assuming that the district court committed a clear or obvious error in finding that a sufficient factual basis supported Spencer's guilty plea, see United States v. Olano, 507 U.S. 725, 734 (1993) (explaining that "plain" error is "synonymous with clear or . . . obvious" error (internal quotation marks omitted)), Spencer still fails to establish plain error because he does not show that the error affected his substantial rights. In the guilty plea context, a defendant meets this burden by showing that, but for the error, he would not have entered his guilty plea. Massenburg, 564 F.3d at 343. Spencer, however, does not suggest that he would not have pled guilty but for the district court's error, and the record does not independently support such a conclusion.

Because Spencer cannot show that his substantial rights were affected, he cannot show plain error. Accordingly, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED