**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4422**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LAMONT STEWARD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:14-cr-00075-AWA-TEM-1)

Submitted: October 21, 2019                     Decided: December 17, 2019

Before WYNN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Keith Loren Kimball, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Christopher Lamont Steward was convicted of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012), Hobbs Act robbery and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1951(a), 2 (2012), and using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 (2012). Steward argues that his § 924(c) firearm conviction is no longer valid because the underlying convictions, conspiracy to commit Hobbs Act robbery and the robbery, are not crimes of violence as defined by 18 U.S.C. § 924(c)(3)(A), (B) (2012). Steward further argues that the district court erred by granting the Government's motion in limine and preventing Steward from presenting hearsay evidence that his coconspirator stated that he used a BB gun during the robbery. We affirm.

After Steward's convictions, this court found that conspiracy to commit Hobbs Act robbery is not a crime of violence. *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019) (en banc), *cert. denied*, 2019 WL 4923463 (U.S. Oct. 7, 2019) (No. 18-1338). Also, the Supreme Court ruled that § 924(c)(3)(B), otherwise known as the residual clause, is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Steward argues that the district court erred by instructing the jury that both the Hobbs Act robbery conspiracy and the Hobbs Act robbery are crimes of violence, and that the jury could find Steward guilty of the § 924(c) charge based on the conspiracy charge or the robbery charge.

Because Steward did not raise this issue before the district court, review is for plain error. *United States v. McNeal*, 818 F.3d 141, 148 (4th Cir. 2016). "To satisfy that

2

standard, a defendant must show (1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights. Even if those three prongs are satisfied, we will correct a plain error only when necessary to prevent a miscarriage of justice or to ensure the fairness, integrity or public reputation of judicial proceedings." *Id*. (citations and internal quotation marks omitted). A plain error affects substantial rights if there is a "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted). "[T]he *defendant* bears the burden of satisfying each of the elements of the plain error standard." *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009).

While there was plain error in this instance because the jury was instructed that it could consider the conspiracy offense as the predicate crime of violence to the § 924(c) charge, we conclude that Steward fails to show that the error affected his substantial rights. Steward was also found guilty of aiding and abetting in the Hobbs Act robbery, a crime of violence, and the jury was instructed that it could consider that offense as the predicate crime of violence in support of the § 924(c) charge. *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019) (holding that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)). The conspiracy offense and the robbery offense are coextensive, and the conspiracy offense related solely to the robbery offense. Because there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of violence to the § 924(c) charge, we conclude that there is no reason to vacate the § 924(c) conviction.

3

Steward also argues that the district court erred by granting the Government's motion in limine and preventing Steward from presenting a hearsay statement by one of his coconspirators. We review evidentiary rulings for abuse of discretion. *United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006). Hearsay is generally inadmissible. Fed. R. Evid. 802. However, Fed. R. Evid. 804(b)(3) provides an exception to the rule when an unavailable declarant has made a statement against interest. A statement against interest is one that "was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability." Fed. R. Evid. 804(b)(3)(A). A statement is admissible under this exception if: (1) the speaker is unavailable; (2) the statement is actually adverse to the speaker's penal interest; and (3) "corroborating circumstances clearly indicate the trustworthiness of the statement." *United States v. Bumpass*, 60 F.3d 1099, 1102 (4th Cir. 1995) (internal quotation marks omitted). The party seeking to introduce the statement has the "formidable burden" of establishing these prerequisites. *United States v. Blake*, 571 F.3d 331, 350 (4th Cir. 2009) (internal quotation marks omitted).

It is undisputed that the declarant was unavailable, having asserted his constitutional right against self-incrimination. *See* Fed. R. Evid. 804(a)(1); *United States v. Brainard*, 690 F.2d 1117, 1124-25 (4th Cir. 1982). Steward argues that the declarant's statement that he possessed a BB gun was admissible as a hearsay statement against the declarant's penal interest because the declarant admitted participating in the robbery. Whether a statement is truly against the declarant's penal interest can only be determined in light of all the

4

surrounding circumstances.  *Williamson v. United States*, 512 U.S. 594, 603-04 (1994).  "The fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts.  One of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature."  *Id*. at 599-600.  The Supreme Court ruled that only those portions of the narrative that are inculpatory are admissible, stating that "the most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory."  *Id*. at 600-01.  Here, the declarant's statement that he used a BB gun, if true, was exculpatory because it reduced his exposure to a § 924(c) charge.  The declarant was aware of the possibility that he faced a separate sentence based on possessing a firearm.  It is reasonable to assume that, while confessing to the robbery, the declarant would attempt to absolve himself of further criminal conduct.  Therefore, we conclude that the district court did not abuse its discretion.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5