**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4169**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

BRANDON EMANUEL BUTLER,

            Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:09-cr-00074-TLW-1)

Submitted:  December 21, 2010          Decided:  January 3, 2011

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher R. Antley, DEVLIN & PARKINSON, P.A., Greenville, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Carrie A. Fisher, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Emanuel Butler pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and to distribute a quantity of cocaine and five grams or more of cocaine base, 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (2006). He was sentenced to 120 months' imprisonment. On appeal, he argues that (1) the district court exerted "impermissible pressure" on him at the plea hearing, rendering his plea involuntary; and (2) the crack to powder cocaine sentencing ratio violates the Equal Protection and Due Process Clauses of the United States Constitution. We affirm.

Butler did not move in the district court to withdraw his guilty plea; thus, any error in the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). To establish plain error, he "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within [this court's] discretion, and [the court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial

proceedings." Id. at 343 (internal quotation marks omitted). Butler bears the burden of showing plain error.

Butler claims that the district court's manner of questioning him at the plea hearing regarding the firearm possession charge constituted impermissible pressure to plead guilty. We have reviewed the transcript of the Rule 11 hearing in light of this claim, and we conclude that the district court's questions did not amount to undue pressure on Butler to plead guilty and that Butler's plea was knowing and voluntary.

Butler's constitutional challenge to the mandatory minimum sentences for crack cocaine offenses under 21 U.S.C. § 841 (2006) also fails. This court has repeatedly rejected claims that the sentencing disparity between crack and powder cocaine offenses violates either equal protection or due process. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). Furthermore, even after amendments to the crack cocaine Sentencing Guidelines, "sentencing courts remain bound by the mandatory minimum sentences prescribed [by statute]." Kimbrough v. United States, 552 U.S. 85, 107 (2007). To the extent that Butler seeks to have this court reconsider these decisions, a panel of this court cannot overrule the decision of

a prior panel.  <u>United States v. Collins</u>, 415 F.3d 304, 311 (4th Cir. 2005).

Accordingly, we affirm Butler's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4