**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5171**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

JAMES ELLIS MATTOCKS, JR.,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (4:09-cr-00017-FL-1)

Submitted:  December 9, 2010          Decided:  January 20, 2011

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Ellis Mattocks, Jr., pled guilty pursuant to a plea agreement to one count of manufacturing child pornography, in violation of 18 U.S.C.A. § 2251(a), (d) (West Supp. 2010) ("manufacturing count"), and transportation of child pornography, in violation of 18 U.S.C.A. § 2252(a)(1) (West Supp. 2010) ("transportation count"), and was sentenced to 600 months in prison. Mattocks' sole assertion on appeal is that the magistrate judge's failure to inform him that his guilty plea could result in a "life sentence" because of the possibility of consecutive sentencing renders his plea unknowing and involuntary and violates his equal protection and due process rights.[*] Finding no error, we affirm.

Because Mattocks did not raise this issue in the district court and did not move to withdraw his guilty plea on this basis, we review for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009) (explaining standard of review for unpreserved Rule 11 error). To establish plain error, Mattocks "must show: (1) an error was made; (2) the error is plain; and

---

[*] In accordance with 28 U.S.C. § 636(b)(3) (2006) and United States v. Osborne, 345 F.3d 281, 288 (4th Cir. 2003), the record establishes that the magistrate judge was properly authorized to conduct Mattocks' Fed. R. Crim. P. 11 hearing.

(3) the error affects substantial rights." Massenburg, 564 F.3d at 342-43. To demonstrate impact on his substantial rights, Mattocks must show that but for the alleged Rule 11 error, he would not have pled guilty. See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002). Even if such error is found, "[t]he decision to correct the error lies within [this court's] discretion, and [the court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Massenburg, 564 F.3d at 343 (internal quotation marks and citation omitted).

The standard for determining whether a guilty plea is constitutionally valid is whether the plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970); see Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000). Such an evaluation requires the court to examine "the totality of the circumstances surrounding the guilty plea." Burket, 208 F.3d at 190. A defendant is bound by the representations he made in the plea colloquy, unless he presents clear and convincing evidence to the contrary. See Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003).

We hold that Mattocks cannot demonstrate any error, plain or otherwise, nor has he established that his constitutional rights were violated, when the magistrate judge

3

accepted his plea as knowing and voluntary. Mattocks points to no authority for the proposition that the magistrate judge erred when he accepted his plea as knowing and voluntary, despite failing to notify Mattocks that a consecutive sentence could be imposed and result in a lengthy (or according to Mattocks, "life") sentence. In fact, Rule 11, which sets forth the information about which a court must inform a criminal defendant during the plea colloquy, requires, in relevant part, only that the court "inform the defendant of, and determine that the defendant understands, . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H).

The record amply demonstrates that the magistrate judge complied with this provision, explicitly advising Mattocks multiple times that he faced a statutory maximum sentence of thirty years for the manufacturing count and twenty years for the transportation count, and specifically questioning Mattocks to ensure he understood the sentences he faced. Moreover, this court has held explicitly that "Rule 11 . . . does not require a district court to inform the defendant of . . . consecutive sentencing." United States v. General, 278 F.3d 389, 395 (4th Cir. 2002). Although Mattocks attempts to distinguish this court's holding in General because, according to Mattocks, that case did not "deal[] with a life sentence," merely because

4

Mattocks' fifty-year sentence *may* result in him being incarcerated for the remainder of his life does not render his sentence "life imprisonment," which carries with it a distinct meaning. See, e.g., Black's Law Dictionary 1368 (7th ed. 1999) (defining life sentence as "[a] sentence that imprisons the convicted criminal for life").

Accordingly, we reject Mattocks' argument that his plea was unknowing and involuntary and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED