**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4976**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

          v.

JESUS MANZO-APARICIO,

               Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:09-cr-00019-RWT-1)

Submitted: March 28, 2011                Decided: April 1, 2011

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan A. Gladstone, LAW OFFICE OF JONATHAN GLADSTONE, Annapolis, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Mara Zusman Greenberg, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Manzo-Aparicio pled guilty, pursuant to a written plea agreement, to unauthorized reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Manzo-Aparicio to ninety-six months' imprisonment followed by a three-year supervised release term. Manzo-Aparicio timely appealed his conviction and sentence. The Government filed a motion to dismiss based on the appeal waiver provision in the plea agreement. We granted the motion as to the sentence, but denied it as to the conviction.

On appeal, Manzo-Aparicio contends the district court erred in failing to sufficiently investigate the effect of prescribed medication taken the night before on his competence to enter a guilty plea. Manzo-Aparicio asserts that his plea was not knowingly and voluntarily entered because his mental faculties were impaired by the effects of medication, which impairment was compounded by language difficulties that were not completely resolved by the translations provided by the federally certified interpreter. Finding no error, we affirm.

Because Manzo-Aparicio did not move in the district court to withdraw his guilty plea, our review is for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Manzo-Aparicio "must show: (1) an error was made; (2) the error is plain; and (3) the error

2

affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-46 (4th Cir. 2009). The decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. at 343 (internal quotation marks and citations omitted).

Prior to accepting a defendant's guilty plea, the district court has the responsibility to determine that the defendant is competent to enter the plea. United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999). Federal Rule of Criminal Procedure 11 requires the court to personally inform the defendant of, and ensure he understands, the possible consequences of pleading guilty and the nature of the charges he is facing. Id. When a response in a plea colloquy "raises questions about the defendant's state of mind, the court must broaden its inquiry to satisfy itself that the plea is being made knowingly and voluntarily." Id. at 565. With a medicated defendant, a court should ascertain the effect, if any, of the medication on his ability to enter a knowing and voluntary plea. Id.

In the present case, a federally certified translator translated the plea agreement, factual stipulations, and the plea proceeding. Once Manzo-Aparicio expressed difficulty in understanding the proceedings as a result of language barriers

and/or medication, the district court meaningfully inquired into the matter, assuring that Manzo-Aparicio completely understood the proceedings and that neither language barriers nor medication affected his ability to make a voluntary plea and to understand the consequences.

Accordingly, because the district court did not err in concluding that Manzo-Aparicio's guilty plea was knowingly and voluntarily entered and supported by an adequate factual basis, we affirm Manzo-Aparicio's conviction. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court, and argument would not aid the decisional process.

AFFIRMED