**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4857**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

     v.

SHIRLEY T. WATSON,

                 Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:09-cr-00797-PMD-1)

Submitted: March 23, 2011          Decided: April 8, 2011

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Dean Hodge Secor, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shirley T. Watson pleaded guilty to one count of unlawful use of a social security number, in violation of 42 U.S.C. § 408(a)(8) (2006), and one count of identity theft, in violation of 18 U.S.C. § 1028(a)(7), (b)(1)(D) (2006). She received a twenty-seven month sentence and was ordered to pay $86,930.38 in restitution. On appeal, Watson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating his opinion that there are no meritorious issues for appeal but questioning whether the district court erred in accepting Watson's plea and whether Watson's sentence was reasonable. Watson, although informed of her right to do so, has not filed a pro se supplemental brief. The Government has declined to file a responsive brief. We affirm.

Because Watson did not move in the district court to withdraw her guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). To establish plain error, she "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within [this court's] discretion, and [the court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or

public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted). After thoroughly reviewing the record, we conclude that Watson's plea was knowing, voluntary, and supported by an adequate factual basis.

We review Watson's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to "ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (internal quotation marks, citations, and alterations omitted). We then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. This court presumes on appeal that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Our review of the record leads us to conclude that Watson's sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Watson's convictions and sentence. This court requires that counsel inform Watson, in writing, of the right to petition the Supreme Court of the United States for further review. If Watson requests that a petition be filed,

3

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Watson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED