**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4413**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINCY LAMONT SALLIEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:10-cr-00298-RDB-1)

Submitted:  February 9, 2012        Decided:  February 13, 2012

Before WILKINSON, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald C. Ruter, THE LAW OFFICE OF GERALD C. RUTER, P.C., Towson, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Benjamin M. Block, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quincy Lamont Salliey pled guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The parties further agreed, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to a sentence of 204 months' imprisonment, which Salliey ultimately received. On appeal, Salliey argues that his guilty plea was not knowing and voluntary. We affirm.

Salliey did not move to withdraw his guilty plea below; we therefore review the adequacy of the plea for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Salliey "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." Id. at 342–43. Even if such error is found, it is within this court's discretion to notice the error, and we do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

We evaluate a guilty plea based on "the totality of the circumstances" surrounding the guilty plea. United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010). A properly conducted Rule 11 colloquy creates a "strong presumption" that a plea of guilty was taken appropriately and is "final and binding." United States v. Lambey, 974 F.2d 1389,

1394 (4th Cir. 1992) (en banc). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Here, the totality of the circumstances establishes that Salliey's guilty plea was knowingly and voluntarily entered. Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED