**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4987**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RAYMOND LEWIS PERRY,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Robert G. Doumar, Senior
District Judge. (2:11-cr-00042-RGD-FBS-1)

———————

Submitted: April 20, 2012         Decided: April 25, 2012

———————

Before KING, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Shannon L. Hadeed, STALLINGS & BISCHOFF, P.C., Virginia Beach,
Virginia, for Appellant. Neil H. MacBride, United States
Attorney, Benjamin L. Hatch, Assistant United States Attorney,
Cameron M. Rountree, Special Assistant United States Attorney,
Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Raymond Lewis Perry was convicted of conspiracy to commit robbery and three counts of robbery, in violation of 18 U.S.C. § 1951(a) (2006), and four counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The district court sentenced him to a total term of imprisonment of 1160 months. In this appeal, Perry argues that the district court abused its discretion in admitting into evidence a statement he made upon arrest and in rejecting his guilty plea. We affirm.

We review a district court's evidentiary rulings for an abuse of discretion. United States v. Blake, 571 F.3d 331, 350 (4th Cir. 2009). The Federal Rules of Evidence prohibit the admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).[*] However, Rule 404(b) does not apply to evidence of acts intrinsic to the crime charged. United States v. Lighty, 616 F.3d 321, 352 (4th Cir. 2010).

We conclude that Perry's statement was admissible "whether one conceives of it as outside the scope of Rule 404(b)

---

[*] Rule 404(b) was amended effective December 1, 2011, after Perry's trial, but the changes were stylistic only.

because of the evidence's 'intrinsic' value deriving from its specific relationship to the facts of the offense or as countenanced by Rule 404(b) because of its relevance in proving a non-character-related consequential fact—consciousness of guilt." United States v. Acevedo, 28 F.3d 686, 688 (7th Cir. 1994). We are not persuaded by Perry's contention that unfair prejudice militates against admission of the statement. Unfair prejudice is "prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice substantially outweigh[s] the probative value of the evidence." United States v. Mohr, 318 F.3d 613, 620 (4th Cir. 2003) (internal quotation marks omitted). Perry's statement was most damaging because it demonstrated a consciousness of guilt that linked him to a gas station robbery and shooting in Virginia Beach. Accordingly, the district court did not abuse its discretion in admitting the statement.

Perry also contends that the district court used the Fed. R. Crim. P. 11 colloquy to coerce him into pleading not-guilty in two ways. First, he argues that the district court's mischaracterization of the plea agreement induced him to plead guilty. We conclude that Perry cannot demonstrate plain error. The district court overlooked a provision of the plea agreement when it advised Perry that "if you change your mind that plea

3

agreement and these proceedings can't be[] used against you.  It would be as if it never happened."  However, the error did not affect Perry's substantial rights because the district court barred the Government from using any statements gained in the course of plea negotiations.  See United States v. Vonn, 535 U.S. 55, 58 (2002) (providing standard of review); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (requiring, inter alia, a showing that error affects substantial rights in order to demonstrate plain error).

Second, Perry asserts that the district court coerced him into pleading guilty by improperly acting as defense counsel through "a lengthy oration with multiple questions the court felt Mr. Perry should consider, questions that had in fact already been asked and answered."  (Appellant's Br. at 22).  We disagree.  "There is . . . no absolute right to have a guilty plea accepted.  A court may reject a plea in exercise of sound judicial discretion." Santobello v. New York, 404 U.S. 257, 262 (1971).

Here, after Perry suggested he was pleading guilty, in part, because he did not believe he would receive a fair trial, the district court took considerable care to assure Perry that he would have a fair trial.  The court also explained the considerations a defendant should weigh in pleading guilty.  The court concluded its remarks by asking Perry whether the

4

Government's summary of the facts was accurate. Because Perry asserted the summary was false, the court was constrained to reject Perry's guilty plea. Under these circumstances, the district court can hardly be criticized for fulfilling its obligation to ensure that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).

Based on the foregoing, we affirm the judgment of the district court. We deny Perry's motion to withdraw counsel and to hold his appeal in abeyance pending the appointment of new counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED