**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4706**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERMAINE ANTONIO TILLMAN, a/k/a Main, a/k/a Maine,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, District Judge. (1:10-cr-00466-MBS-15)

---

Submitted:  April 25, 2012          Decided:  May 22, 2012

---

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

---

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

Robert L. Hallman, Jr., Columbia, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Antonio Tillman pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (2006). On appeal, Tillman asserts that the district court erred in denying him a two-level acceptance of responsibility adjustment, that trial counsel was ineffective in failing to object to the use of drug quantities obtained during the course of his cooperation with the Government, and that the district court erred in imposing a $100,000 forfeiture judgment. Relying on the waiver of appellate rights in Tillman's plea agreement, the Government twice has moved to dismiss this appeal. We dismiss in part and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A waiver will preclude an appeal of "a specific issue if . . . the waiver is valid and . . . the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

2

"An appellate waiver is valid if the defendant knowingly and intelligently agreed to [waive the right to appeal]." Id. at 627. To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances." Id. (internal quotation marks omitted). "An important factor in such an evaluation is whether the district court sufficiently explained the waiver to the defendant during the Federal Rule of Criminal Procedure 11 plea colloquy." Id.; see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Tillman does not challenge the validity of the waiver, but he alleges that the Government breached the terms of the plea agreement and that the waiver may not be enforced. We disagree.

We construe plea agreements in accordance with principles of contract law "to ensure that each party receives the benefit of the bargain." United States v. Jordan, 509 F.3d 191, 195 (4th Cir. 2007). Accordingly, "we must try to discern the intent of the parties as expressed in the plain language of the agreement when viewed as a whole." United States v. Perry, 640 F.3d 805, 811 (8th Cir. 2011) (internal quotation marks omitted). Because Tillman failed to argue in the district court that the Government had breached the plea agreement, we review the claim for plain error. See Puckett v. United States, 556 U.S. 129, 133-34 (2009). Thus, Tillman cannot prevail unless he

3

establishes that the district court committed an error, the error was plain, and the error affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if such error is found, it is within this court's discretion to notice the error, and we do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

Here, the Government agreed that it would not use against Tillman any self-incriminating information he disclosed during the course of his cooperation. However, the plea agreement released the Government from its obligations in the event of a breach. Additionally, a parallel provision in the agreement specifically provided that the Government's use of self-incriminating information will not be restricted "in the event the Defendant breaches *any* of the terms of the Plea Agreement." (J.A. 102)[*] (emphasis added). Accordingly, the Government did not breach the plea agreement when, at sentencing, it relied on Tillman's proffer because the Government was permitted to do so after Tillman refused to testify at his co-defendant's trial, in violation of the plea agreement. Because the waiver is valid and precludes Tillman's

---

[*] "J.A." refers to the joint appendix filed by the parties.

4

challenge to the absence of an acceptance of responsibility adjustment and the imposition of the forfeiture judgment, we grant in part the Government's motions to dismiss and dismiss this portion of the appeal.

Although Tillman may not challenge the reasonableness of his sentence, the appellate waiver does not bar his claim that trial counsel was ineffective. See Johnson, 410 F.3d at 151 (stating ineffective assistance claims following entry of guilty plea cannot be waived); see also Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (providing standard). Ineffective assistance of counsel claims are not generally cognizable on appeal unless ineffective assistance "conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because ineffective assistance does not conclusively appear on this record, we decline to review his claim in this appeal. Tillman must bring his claim — if at all — in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion in order to allow for adequate development of the record. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Accordingly, we deny in part the Government's motions to dismiss and affirm the remainder of the judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before the court and argument would not aid the decisional process.

DISMISSED IN PART; AFFIRMED IN PART