**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4982**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

WILLIAM JOE JOHNSON,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:10-cr-00941-RBH-8)

Submitted:  June 22, 2012         Decided:  July 19, 2012

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles T. Brooks, III, THE BROOKS LAW OFFICES, LLC, Sumter, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Joe Johnson pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 140 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Johnson's attorney has filed a brief certifying that there are no meritorious issue for appeal. Johnson has filed a pro se brief claiming that his attorney provided ineffective assistance of counsel. We affirm Johnson's conviction and sentence.

Because Johnson did not move to withdraw his guilty plea, we review his Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Even if Johnson establishes plain error, correction of the error is appropriate only if we conclude that it "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (internal quotation marks omitted). Because the district court fully complied with Rule 11 when accepting Johnson's plea, we find the plea was knowing and voluntary and, consequently, final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Turning to Johnson's sentence, we review a sentence for reasonableness, using an abuse of discretion standard.

*Gall v. United States*, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008). Only if we find a sentence procedurally reasonable can we consider its substantive reasonableness. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). Here, Johnson's within-Guidelines sentence is presumed reasonable, *United States v. Powell*, 650 F.3d 388, 395 (4th Cir.), *cert. denied*, 132 S. Ct. 350 (2011), and our careful review of the record reveals no procedural or substantive error in its imposition.

Finally, we consider Johnson's pro se claim of ineffective assistance of counsel. Generally, such claims are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, ineffective assistance claims are most appropriately pursued in a post-conviction motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish counsel's ineffectiveness, we decline to consider Johnson's claim on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Johnson's conviction and sentence. This court requires that counsel inform Johnson, in writing, of his right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>