**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4557

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

    v.

JAMIE M. HARGROVE,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:11-cr-00249-F-1)

Submitted:  April 26, 2013                    Decided:  May 2, 2013

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamie M. Hargrove appeals from his convictions and 210-month sentence imposed pursuant to his guilty plea to selling a firearm and ammunition to a convicted felon and possession of a firearm and ammunition by a convicted felon. On appeal, Hargrove challenges the factual basis for his plea, the sufficiency of the reasoning given by the district court for his sentence, and the effective assistance of his counsel. We affirm.

## I.

Hargrove first argues that the district court erred in failing to establish a factual basis, in particular with regard to whether Hargrove and the buyer of the firearm were convicted felons.[1] Because Hargrove did not move in the district court to withdraw his guilty plea, our review is for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Hargrove "must show: (1) an error was made; (2) the error is plain; and (3) the error affects

---

[1] Hargrove raises these claims as two separate issues on appeal: (1) whether the factual basis was established and (2) whether the court established sufficient facts regarding the felon status of Hargrove and the buyer to sustain a conviction. Specifically, on the second issue, Hargrove asserts that the lack of a factual basis makes it impossible to determine whether the convictions at issue complied with United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

2

substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). "The decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

Here, even assuming that there was an insufficient factual basis for Hargrove's plea constituting plain error, we conclude that Hargrove still fails to establish plain error because he has not shown that the error affected his substantial rights. In the guilty plea context, a defendant meets this burden by showing that, but for the error, he would not have entered his guilty plea. Id. Hargrove, however, does not suggest that he would not have pled guilty but for the district court's error.[2] Moreover, Hargrove does not assert that the Government could not provide a factual basis for each element and fails to provide any evidence or argument that a factual basis did not exist.[3] Because Hargrove does not show that his

---

[2] In fact, even on appeal, Hargrove does not seek to stand trial. Instead, he requests that he be allowed to replead and be resentenced.

[3] While citing Simmons, Hargrove makes no attempt to show that his convictions are not felonies, that the buyer was not a felon, or that any of the other elements are unsupported by facts.

substantial rights have been affected, he fails to show plain error.

                                    II.

        Hargrove avers that his 210-month sentence was above the advisory Guidelines range and that the court did not provide sufficient reasoning for the departure. Hargrove's Guidelines range was 120 months; however, absent the 120-month statutory maximum applicable to both counts, the Guidelines range would have been 168 to 210 months. Thus, the district court imposed consecutive sentences totaling the 210-month Guideline sentence determined to be appropriate: 120 months on the sales charge and 90 months on the possession charge.[4]

        This methodology is not only permitted but required by the Guidelines. If the total punishment calculated by the Guidelines exceeds the highest statutory maximum, the district court "shall" impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment. U.S. Sentencing Guidelines Manual § 5G1.2(d) (2011). Moreover, the district court is not prevented from stacking sentences when the counts, as here, have been grouped. See United States v. Chase,

_____

        [4] Hargrove avers that he received a 220-month sentence and, therefore, was above the Guidelines range even if the consecutive sentences were appropriate. However, Hargrove's allegations seems to be based on an arithmetic error.

                                    4

296 F.3d 247, 250-51 (4th Cir. 2002). Accordingly, the district court did not err in imposing consecutive sentences, and Hargrove's total sentence, which was within the Guidelines range, is presumptively reasonable on appeal. Rita v. United States, 551 U.S. 338, 347 (2007).

Turning to Hargrove's assertions that the district court did not provide sufficient reasoning for the chosen sentence, we conclude that Hargrove is mistaken. A district court "must make an individualized assessment" and "must apply the relevant [18 U.S.C.] § 3553(a) [(2006)] factors to the specific circumstances of the case." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). However, when a within-Guidelines sentence is imposed, the "individualized assessment need not be elaborate or lengthy," id. at 330, "because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy," United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009) (internal quotation marks omitted).

At sentencing in the instant case, the district court heard argument from both parties and specifically noted Hargrove's lengthy, serious, and violent criminal background. The court recognized that Hargrove's repeated assaultive behavior coupled with his propensity to carry firearms "creates

5

a dangerous environment for any community in which Mr. Hargrove will be living." The court also noted that previous sanctions had failed to deter Hargrove. The court adopted the findings in the presentence report and explicitly stated that it had considered those findings as well as the § 3553(a) factors. While the court may have been uncertain as to whether the imposed sentence was technically considered a departure or a within-Guidelines sentence, the court provided sufficient reasoning to support either and clearly reached a considered decision that 210 months was the appropriate sentence. Thus, we find that Hargrove's sentence was both within the Guidelines range and reasonable.

### III.

Finally, Hargrove claims that his attorney was ineffective during plea negotiations, at his plea hearing, and at sentencing. However, claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record clearly demonstrates ineffectiveness. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); see also United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.") (internal quotation marks omitted).

6

Because our review of the record discloses that there is no conclusive evidence of ineffective assistance, we decline to consider this claim at this time.

Based on the foregoing, we affirm Hargrove's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>