**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4357**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

NORBERTO RIVERA AGUILAR, a/k/a Beto,

                Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.    Richard L.
Voorhees, District Judge.  (5:11-cr-00053-RLV-DCK-2)

Submitted:  March 25, 2014          Decided:  April 4, 2014

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North
Carolina, for Appellant.   Amy Elizabeth Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norberto Rivera Aguilar appeals his conviction and the 120-month sentence imposed by the district court following Aguilar's guilty plea to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B), and 846 (2012). Aguilar's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal, but questioning whether the district court erred by applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(a) (2012) for Aguilar's role as an organizer or leader of the criminal activity. In his pro se supplemental brief, Aguilar challenges his sentence and the validity of his guilty plea. We affirm.

Because Aguilar did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "[T]o satisfy the plain error standard, [Aguilar] must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record leads us to conclude that the

2

district court substantially complied with Rule 11, and that Aguilar's guilty plea was knowing and voluntary.

Turning to Aguilar's sentencing claims, we review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id.

Aguilar challenges the four-level enhancement the district court imposed under USSG § 3B1.1(a) for his role as an organizer or leader of the conspiracy. The district court's determination that a defendant is an organizer or leader in the offense is a factual finding reviewed for clear error. United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009); United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). To qualify for a four-level increase under USSG § 3B1.1(a), a defendant must have been "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Id.

Aguilar specifically pled guilty to Count One of the indictment, that charged a drug trafficking conspiracy specifically listing five individuals. One of those individuals was Aguilar's primary cocaine supplier and the others were couriers for Aguilar and acted at his direction. Thus, the criminal activity involved at least five participants and

3

Aguilar exercised authority over several of them. We conclude that the district court did not clearly err by concluding that Aguilar was a leader or organizer of the criminal activity; accordingly, the four-level increase under § 3B1.1(a) was appropriate. We further conclude that Aguilar was not entitled to a reduction for a mitigating role in the offense and that his sentence was procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Aguilar in writing of his right to petition the Supreme Court of the United States for further review. If Aguilar requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Aguilar. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED