**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4052**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LAKEESHI SIMS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. J. Michelle Childs, District Judge. (8:12-cr-00787-JMC-1)

Submitted: June 16, 2014                    Decided: July 11, 2014

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant. Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lakeeshi Sims pled guilty without a plea agreement to possession with intent to distribute marijuana and cocaine, 21 U.S.C. § 841(a)(1) (2012) (Count One), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (2012) (Count Two). Sims was sentenced to time served on Count One and sixty months, consecutive, on Count Two. She now appeals. Her attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Crim. P. 11 and whether the sentence is reasonable but concluding that there are no meritorious issues for appeal. Sims has filed a pro se brief raising additional issues. We affirm.

Our review of the Rule 11 transcript demonstrates that the court substantially complied with the Rule. The court failed to mention that it would consider the 18 U.S.C. § 3553(a) (2012) sentencing factors when it imposed sentence. See Fed. R. Crim. P. 11(b)(1)(M). Nonetheless, we hold that this minor omission did not affect Sims' substantial rights. See United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009).

With respect to Sims' sentence, her properly calculated Guidelines range for the drug offense was 0-6 months (total offense level 8, criminal history category I). She was additionally subject to a mandatory consecutive minimum term of

2

sixty months on Count Two.   See 18 U.S.C. § 924(c)(1)(A), (D)(ii).   In imposing sentence, the district court considered Sims' Guidelines range, the 18 U.S.C. § 3553(a) (2012) factors and the arguments of the parties and further provided an individualized explanation of the selected sentence.  See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).   We conclude that the sentence is procedurally and substantively reasonable.  See Gall v. United States, 552 U.S. 38, 51 (2007).

We conclude additionally that the issues raised in Sims' pro se brief lack merit.   Pursuant to Anders, we have reviewed the entire record and have found no meritorious issues for appeal.   Accordingly, we affirm the district court's judgment.   This court requires that counsel inform Sims, in writing, of her right to petition the Supreme Court of the United States for further review.   If Sims requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.   Counsel's motion must state that a copy thereof was served on Sims.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3