**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4644**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

        v.

ARTURO LUCIANO RAMIREZ,

                  Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:16-cr-00424-NCT-2)

Submitted:  June 19, 2018                           Decided:  June 21, 2018

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen F. Wallace, WALLACE LAW FIRM, High Point, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arturo Luciano Ramirez pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The district court imposed a sentence of 108 months' imprisonment, which fell within the Sentencing Guidelines range established by the district court. On appeal, Ramirez's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court adequately complied with Fed. R. Crim. P. 11 and whether Ramirez's sentence is reasonable. We affirm.

Counsel questions whether the district court complied with Rule 11 in accepting Ramirez's guilty plea but does not identify any specific error committed during the plea hearing. Because Ramirez did not move in the district court to withdraw his guilty plea, we review this issue for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Ramirez must demonstrate that (1) the district court committed an error; (2) "the error [was] plain"; (3) "the error . . . affected [his] substantial rights"; and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden of demonstrating that an error affected his substantial rights by showing a reasonable probability that he would not have pleaded guilty but for the Rule 11 omission. *Sanya*, 774 F.3d at 816.

2

Our review of the transcript of the guilty plea hearing leads us to conclude that, although the district court made several Rule 11 omissions at the hearing,[*] these omissions did not affect Ramirez's substantial rights. The impact of the district court's omissions was mitigated by the Rule 11 provisions described within the written plea agreement and the district court's otherwise considerable compliance with Rule 11 at the plea hearing. Furthermore, there is no evidence in the record suggesting that Ramirez would not have entered his guilty plea in the absence of the district court's errors. *See Sanya*, 774 F.3d at 816; *United States v. Massenburg*, 564 F.3d 337, 344 (4th Cir. 2009). We therefore conclude that Ramirez's guilty plea is valid.

Counsel also questions the procedural and substantive reasonableness of Ramirez's sentence. We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a

---

[*] *See* Fed. R. Crim. P. 11(b)(1)(A) (district court must advise defendant that statements under oath can be used in future prosecution for perjury or making false statement); Fed. R. Crim. P. 11(b)(1)(D) (right to counsel at every stage); Fed. R. Crim. P. 11(b)(1)(K) (authority to impose restitution); Fed. R. Crim. P. 11(b)(1)(O) (denial of United States citizenship); Fed. R. Crim. P. 11(b)(2) (district court must personally address defendant, not just defense counsel, as to whether guilty plea is result of threats or promises).

sentence based on facts that were not clearly erroneous, and explained sufficiently the selected sentence. *Id.* at 49-51. Only after determining that the sentence is procedurally reasonable will we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the record reveals no procedural or substantive sentencing error. The district court correctly calculated Ramirez's advisory Guidelines range, heard argument from defense counsel, provided Ramirez an opportunity to allocute, considered the § 3553(a) sentencing factors, and sufficiently explained the selected sentence. In addition, we have found nothing in the record that rebuts the presumption of reasonableness afforded to Ramirez's within-Guidelines-range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Ramirez, in writing, of the right to petition the Supreme Court of the United States for further review. If Ramirez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ramirez. We dispense with oral

4

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*